| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | **MEMORANDUM AND ORDER** |
| JOSSUE OVIDIO TEJADA, | |
| **Defendant.** | |

**THIS MATTER** is before the Court on Defendant Jossue Ovidio Tejada's Motion for Leave to Appeal Out of Time (Doc. No. 43). On May 1, 2025, pursuant to a written plea agreement, Defendant pled guilty to one count of transporting child pornography. Doc. No. 22. In that agreement—signed by Defendant and his counsel—Defendant expressly waived his right to challenge his conviction or sentence on appeal or through post-conviction proceedings, except as to claims of ineffective assistance of counsel or prosecutorial misconduct. Doc. No. 22 ¶ 17. On March 26, 2026, the Court sentenced Defendant to 180 months' imprisonment, lifetime supervised release, a $100 special assessment, and $79,300 in restitution. Doc. No. 41. More than two months later, Defendant filed a pro se motion for leave to file a late notice of appeal along with the notice itself, both postmarked June 9, 2026. Doc. Nos. 43–44.

In criminal cases, Rule 4(b) of the Federal Rules of Appellate Procedure requires a defendant to file any notice of appeal "within [14] days after the entry of the judgment or order appealed from."[1] *United States v. DiDonato*, 870 F.2d 656, at *1 (4th Cir. 1989). Compliance with Rule 4's deadline is "mandatory and jurisdictional." *Id.* at *2 (quoting *Browder v. Director, Dept.*

---

[1] Beginning December 1, 2009, the period in which to file a notice of appeal was extended from ten to fourteen days. *United States v. Hall*, 469 F. App'x. 203, 204 n.1 (4th Cir. 2012).

1

*of Correction,* 434 U.S. 257, 264 (1978)) (additional citations omitted). Although Rule 4(b)(4) permits the Court, upon a showing of "excusable neglect," to extend the filing deadline for up to 30 days beyond the initial 14-day period, that authority is strictly limited. *Id*. at *1; Fed. R. App. P. 4(b)(4). Motions to extend the time to appeal that come after both the original deadline and the 30-day extension period are untimely and must be denied. *See Hall*, 469 F. App'x at 204 (dismissing appeal filed outside both the initial and extension periods); *DiDonato,* 870 F.2d at *2 (no abuse of discretion where the district court denied a motion to extend filed "beyond the 30-day extension" period); *see also United States v. Reyes*, 759 F.2d 351, 353 (4th Cir. 1985) (permitting appeal filed outside the initial period but within the 30-day extension window).

Here, Defendant's motion seeking leave to file an untimely notice of appeal was submitted after both the 14-day deadline and the additional 30-day extension period expired. Because the Court lacks authority to permit an appeal filed outside those limits, the motion will be denied.

**SO ORDERED.**

Signed: July 8, 2026

Kenneth D. Bell
United States District Judge